# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

KENNETH W. MORRISON,

    Plaintiff,

v.

UNUM LIFE INSURANCE
COMPANY OF AMERICA,

    Defendant.
_____/

CIVIL ACTION NO. 09-11948

DISTRICT JUDGE NANCY G. EDMUNDS

MAGISTRATE JUDGE DONALD A. SCHEER

## ORDER

This case is before the magistrate judge on Order of Reference for determination of Plaintiff's Motion to Permit Discovery Re: Controlling Standard of Review. The parties agree that the disposition of this Motion must precede the court's consideration of the pending dispositive motions. For the reasons stated below, I conclude that the Motion must be denied.

This case is an appeal from an ERISA plan administrator's decision. Plaintiff is the personal representative of the Estate of Mark T. Lowe, deceased. Prior to his death, on September 8, 2006, Mr. Lowe was a full-time employee of PlastiPac, a Division of Absopure Water Company, located in Westland, Michigan. As an employee, Lowe was insured under a group insurance policy ("the UNUM policy") issued by UNUM Life Insurance Company of America ("UNUM") to Absopure on January 1, 2006. The plan provided both life insurance and accidental death and dismemberment benefits to eligible employees. It was administered by UNUM, and was to be renewed on its anniversary date. The plan contains a paragraph entitled "discretionary acts" which states as follows:

> In exercising its discretionary powers under the plan, the plan administrator and any designee (which shall include UNUM as a claims fiduciary) will have the broadest discretion permissible under ERISA and any other applicable laws, and his decisions will constitute final review of your claim by the plan. Benefits under the plan will be paid only if the plan administrator or its designee (including UNUM) decides in its discretion that the applicant is entitled to them.

The Michigan Office of Insurance Services ("OFIS") issued regulations invalidating discretionary clauses that became effective June 1, 2007. The regulations state, in pertinent part, as follows:

> (c) On an after the first day of the month following the effective date of these rules, a discretionary clause issued or delivered to any person in this state in a policy, contract, rider, endorsement, certificate, or similar contract document is void and of no effect. This does not apply to contract documents in use before that date, but does apply to any such document revised in any respect on or after that date.
>
> \* \* \*
>
> (c) "Discretionary Clause" is a provision in a form that purports to bind the claimant to or grant deference in subsequent proceedings to the insurers decision, denial, or interpretation on terms, coverage, or eligibility for benefits including, but not limited to, a form provision that does any of the following:
>
> \* \* \*
>
> > (vi) Provides that or gives rise to a standard of review on appeal that gives deference to the original claim decision.
> >
> > (vii) Provides that or gives rise to a standard of review on appeal other than de novo review.

A timely claim was submitted for benefits due under the UNUM Plan as a consequence of Lowe's death. The Plan Administrator determined that Plaintiff's decedent was only eligible for benefits as a "Group 1" beneficiary, rather than a "Group 2"

beneficiary. Plaintiff's administrative appeal from that decision was denied by UNUM, and this action pursuant to ERISA §502 ensued.

Plaintiff's Complaint was filed on May 21, 2009. Defendant filed its Answer on July 1, 2009. One week later, the court issued its Scheduling Order. The Order was entered pursuant to the guidelines issued by the Sixth Circuit in Wilkens v. Baptist Healthcare System, Inc., 150 F.3d 609, 619 (6th Cir. 1998). The court specifically declared that it "may consider the party's arguments concerning the proper analysis of the evidentiary materials contained in the administrative record, but may not admit or consider any evidence not presented to the administrator." The Order further provided that the court "may consider evidence outside of the administrative record only if that evidence is offered in support of a procedural challenge to the administrator's decision, such as an alleged lack of due process afforded by the administrator or alleged bias on its part. This also means that any prehearing discovery at the district court level should be limited to such procedural challenges." Each party was ordered to file a pleading entitled "Statement of Procedural Challenge in ERISA Case" or "Statement of No Procedural Challenge in ERISA Case" on or before August 10, 2009. Plaintiff filed a Statement of No Procedural Challenge in ERISA Case on August 6, 2009, and Defendant filed a similar document on August 10, 2009.

Plaintiff argues that his Motion to Permit Discovery does not violate the court's Scheduling Order, or contradict his own Statement of No Procedural Challenge, because "the pending issue is not 'procedural' as that term is defined in the Pretrial Order and arises within the context of the pending Motions for Summary Judgment." In response, Defendant cites the district judge's declaration, in Paragraph 2 of the Scheduling Order, that "[t]he district court may consider evidence outside of the administrative record only if that

3

evidence is offered in support of a procedural challenge to the administrator's decision . . . ." Defendant maintains that Plaintiff's admission that he seeks discovery in a non-procedural context must defeat the motion. In reply, Plaintiff argues that the precedential effect of Wilkins v. Baptist Healthcare, which is the basis of this court's restriction on evidence outside of the administrative record to the support of procedural challenges, has been eroded by subsequent decisions.

Substantively, Plaintiff argues that discovery is necessary to determine whether the contract of insurance in issue was renewed in 2008, or in subsequent years. He maintains that any such renewal would constitute a post June 1, 2007 revision within the meaning of the Michigan OFIS Regulations, and thus invalidate the discretionary clause retroactively.

Plaintiff responds that the OFIS Regulations upon which the Motion relies are inapplicable to this contract, even if a revision did occur in 2008 or later. Defendant maintains that such a revision would be irrelevant to the issues in this case because: (a) the policy applicable to Plaintiff's claim became effective January 1, 2006, and appears in the record without amendment; (b) the policy was issued, signed and delivered by UNUM to Absopure in the State of Maine, and provides that the governing jurisdiction is Maine; and (c) the death of Mark Lowe, which forms the basis of Plaintiff's claim under the policy, occurred in September 2006, ten months before the Michigan OFIS Regulation became effective.

Upon my review of the briefs, and the arguments advanced by counsel at the hearing, I am persuaded that the law is with the Defendant and against the Plaintiff. Movant concedes that the issue raised in his Motion is nonprocedural. The court has already determined that Wilkins precludes discovery under such circumstances. While

Plaintiff argues in his Reply Brief that the discovery is, at its essence, directed to an issue of conflict of interest and, presumably, procedural in nature, it is clear that he failed to initiate a procedural challenge within the deadline imposed in the Scheduling Order. His filing of a Statement of No Procedural Challenge effectively waives any entitlement to discovery.

I agree, as well, with Defendant's assertion that, to the extent state law is not pre-empted by ERISA, Maine law applies to this dispute, by the terms of the contract. As a general proposition, the law of the state chosen by the parties to govern their contractual rights and duties will be applied if the particular issue is one which the parties could have resolved by an explicit provision in their agreement directed to that issue. Restatement of Conflicts 2d, Section 187. To the extent that state regulations are not preempted by the ERISA statute, Plaintiff has offered no authority for the proposition that Michigan law should be applied where the plan provides otherwise. There is no evidence in the record to suggest that discretionary clauses are not valid under the standards of Maine law.

Finally, I am persuaded that, even if Michigan law were to be applied, the death of Mr. Lowe fixed the legal relationship of the parties under the policy of insurance, such that the subsequent enactment of the OFIS regulation precluding discretionary clauses would have no effect upon the dispute in this case. I find that Plaintiff's reading of the regulation, while not technically inconsistent with the language employed, is inconsistent with its most logical intent. I am satisfied that the intended purpose of the regulation was to invalidate discretionary clauses in contracts which existed prior to its effective date, but only from and after any revision occurring on or after June 1, 2007. Under both Michigan and federal law, statutes that affect substantial rights in respect to transactions or occurrences already past,

are not applied retroactively. See People v. Conyer, 281 Mich.App. 526; 762 N.W. 2nd 198 (Mich.App. 2008); Thaqi v. Jenifer, 377 F.3d 500 (6th Cir. 2004). The rights of the parties in this action should be determined by the state of the law at the time of the event triggering the entitlement to benefits. The language of the regulation here does not compel a contrary result.

For all of the above reasons, Plaintiff's Motion to Permit Discovery Re: Controlling Standard of Review is denied.


                                                    s/Donald A. Scheer
                                                    DONALD A. SCHEER
                                                    UNITED STATES MAGISTRATE JUDGE

DATED: March 15, 2010

_____

## CERTIFICATE OF SERVICE

I hereby certify on March 15, 2010 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on March 15, 2010: **None.**

                                                    s/Michael E. Lang
                                                    Deputy Clerk to
                                                    Magistrate Judge Donald A. Scheer
                                                    (313) 234-5217