UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH W. MORRISON,

        Plaintiff,

v.

UNUM LIFE INSURANCE
COMPANY OF AMERICA,

        Defendant.

_____/

CIVIL ACTION NO. 09-11948

DISTRICT JUDGE NANCY G. EDMUNDS

MAGISTRATE JUDGE DONALD A. SCHEER

## ORDER

Plaintiff's Motion to Amend Scheduling Order and for Leave to File Supplemental Brief was referred to the undersigned magistrate judge for hearing and determination. The parties appeared for hearing on June 9, 2010. Having reviewed Plaintiff's Motion, together with Defendant's Response, and having heard the arguments of counsel, I find that the Motion should be, and the same is hereby, denied.

Plaintiff's Motion correctly observes that the appropriate standard of review is a principal issue in the currently pending cross Motions for Summary Judgment. Plaintiff has taken the position that regulations promulgated by the Michigan Office of Financial and Insurance Services ("OFIS") on June 1, 2007 (effective July 1, 2007) served to nullify the discretionary clause in the ERISA plan administered by Unum for the benefit of Absopure Water Company employees.  Although Plaintiff failed to file a timely statement of procedural challenge, as required by the court's Scheduling Order, he did file a Motion to Permit Discovery Regarding the Controlling Standard of Review, on January 8, 2010, after the cross Motions for Summary Judgment had been fully briefed and argued. That Motion was denied in a written order on March 15, 2010, based upon Plaintiff's procedural default and

on several alternative substantive grounds. Those included the lack of evidence in the record that the insurance contract at issue had been amended such that it would be governed by an OFIS regulation promulgated in June 2007; and the inapplicability of that regulation to the contract in question. The latter finding was based in part upon my conclusion that the parties had validly selected the State of Maine as the jurisdiction whose law would govern their dispute, and partly upon my conclusion that the OFIS regulations would in no event restrict the discretion of the Plan Administrator with respect to the decision under examination in this case.

Although Plaintiff filed no objection to my March 15, 2010 Order Denying Discovery, he has filed a Motion to Amend the Court's Scheduling Order, in an effort to avoid the effects of his procedural default and secure a period of discovery. The premise of the instant Motion is that the Defendant has somehow misled the court in denying knowledge of revisions to the insurance provisions of the Plan.  Plaintiff supports that proposition with a copy of a May 17, 2007 letter from Unum to the Michigan Office of Financial and Insurance Services in which Defendant represented that it would "no longer be applying the discretionary authority language" of its policies with Michigan insureds as of March 1, 2007. Plaintiff also proffers copies of e-mails indicating that Unum would remove the discretionary clauses from the text of its policies as of June 18, 2007.

In response, Unum reiterates the arguments made in its opposition to Plaintiff's earlier Motion for Discovery. Specifically, Defendant maintains that (a) Plaintiff's right to discovery is extinguished by his procedural default; (b) Maine law, and not Michigan law, applies to Plaintiff's claim; and (c) even if Michigan law applied to this dispute, the OFIS regulation would not apply.

The Administrator's decision that the decedent was a Group 1 employee was made no later than February 16, 2007, on which date the basic Group 1 insurance benefits were paid to Lowe's estate. At that point, the OFIS regulation had not yet been promulgated. Nothing in the text of the regulation, or in any authority provided by Plaintiff supports the proposition that the regulation could retroactively deprive the administrator of discretion conferred by contract and not contrary to law at the time it was exercised. For the reasons stated in my Order of March 15, 2010, I find that the law is with Defendant and against Plaintiff. Even if it is assumed that the OFIS regulation effectively governed the Defendant's insurance policies by reason its voluntary waiver of the discretionary clauses as of March 1, 2007, there is no persuasive evidence or argument to support the proposition that such provisions would be nullified retroactively. I find no evidence that Defendant has attempted to mislead the court.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Amend Scheduling Order and for Leave to File Supplemental Brief is in all respects DENIED.

s/Donald A. Scheer
DONALD A. SCHEER
UNITED STATES MAGISTRATE JUDGE

DATED: June 14, 2010

---

## CERTIFICATE OF SERVICE

I hereby certify on June 14, 2010 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on June 14, 2010: **None.**

s/Michael E. Lang
Deputy Clerk to
Magistrate Judge Donald A. Scheer
(313) 234-5217

3